[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the action of the State of Connecticut, Department of Motor Vehicles suspending the plaintiff's motor vehicle license or privilege to operate a motor vehicle in the State of Connecticut.
The thrust of the plaintiff's claim is that he never received the notice from the Department of Motor Vehicles advising him of his right to request a hearing prior to the effective date of his suspension. The plaintiff testified at a hearing held before CT Page 9181 O'Sullivan, J. (State Trial Referee)that he never received such a notice. Judge O'Sullivan died before entering any decision in this matter.
The defendant State of Connecticut, Department of Motor Vehicles (DMV) provided, as part of the record, the Senders Statement and Certificate of Bulk Mailing, certifying the mailing of such notice to the plaintiff.
The Certified Bulk Mailing Receipt raises the presumption that the notice was sent to the plaintiff on April 21, 1995. The plaintiff testified he lived at that address, (213 Bungay road, Seymour, Connecticut 06483) on the date of the mailing.
There was no evidence presented that this particular notice was returned to the DMV as "unclaimed".
The matter then gets further convoluted because the DMV sent the plaintiff a notice, dated 4/26/95, for a hearing to be held in Old Saybrook, Connecticut on May 3, 1995 at 8:55 a.m., although the plaintiff never requested a hearing. The plaintiff received this notice of a hearing date for May 3rd 1995 and contacted the DMV to find out what it meant.
There is no dispute that the DMV advised the plaintiff that this notice for a hearing on May 3, 1995 at 8:55 a.m. in Old Saybrook was sent to him in error. The plaintiff claimed he did not know about having a hearing, until he received the Notice of April 26, 1995 for a May 3rd hearing.
The plaintiff testified that the DMV advised him the Notice was sent to the plaintiff in error, that he should disregard it and another one would be sent to him.
No further notices or letters were sent to the plaintiff by the DMV concerning a hearing; nor did the plaintiff thereafter request a hearing.
Thereafter, on May 4, 1995, the plaintiff received a suspension notice and this appeal followed.
Proof of mailing a letter to a person at his correct address with correct postage creates a presumption that such letter was received by the addressee. A copy of the Certificate of Bulk Mail List of the Suspension Notices sent by the DMV on April 21, 1995 CT Page 9182 was a part of the record certified into Court.
Section 14-111(a) C.G.S. provides for "Notice to be forwarded by Bulk Certified Mail to the address of the person registered as the owner/operator. . . . and said notice shall be sufficient notice to such person."
The DMV's Certificate of Mailing is sufficient to establish that the plaintiff received notice. See State v. Torma, 21 Conn. App. 496
(1990).
The proper name of the plaintiff, his address, and correct postage were not in dispute. The Notice was never returned to the DMV as unclaimed mail.
The requirements of § 14-111(a) are satisfied by mailing the Notice to the plaintiff's address, and the DMV's Certificate of Mailing is statutory notice of the suspension notice.
The plaintiff having failed to request a hearing, an affirmation of the suspension of his Connecticut operator's license was sent to the plaintiff effective May 17, 1995. At the time of oral arguments before this Court, Counsel for the State of Connecticut, Department of Motor Vehicles offered to give the plaintiff a hearing.
The plaintiff, however, has taken the posture that since the DMV failed to give the plaintiff the appropriate notice for a hearing, his subsequent suspension should be vacated.
The DMV complied with § 14-111(a) C.G.S. and sent the plaintiff a notice by bulk certified mail. Notice by a Certificate of bulk mailing satisfied the requirement of §14-111(a)
The appeal is dismissed.
COPPETO, J.